BRYANT, Judge.
Where defendant's motion for joinder was not timely, the trial court was not compelled to follow the statutory directive for joinder requested by a defendant and did not abuse its discretion by denying defendant's motion to join fifteen additional offenses to the two scheduled for trial during that session. Accordingly, we affirm the trial court's ruling.
On 14 December 2015, defendant Dionta Inman was indicted on the charges of felonious breaking and entering and larceny after breaking and entering. On 20 February 2017, superseding indictments were issued against defendant charging him with felonious breaking and entering in case number 15 CRS 243371 and larceny after breaking and entering in case number 15 CRS 243373. Both offenses were alleged to have occurred 1 December 2015. On the morning of trial, 5 September 2017, defendant filed a motion for joinder seeking to join the following offenses for trial:
 Case Number Charge(s) Gen. Stat. Offense Date 15 CRS 243367 Poss. Stolen Firearm NCGS 14-71.1 12/1/2015 15 CRS 243368 (M) Poss. Marijuana NCGS 90-95 12/1/2015 15 CRS 243369 (M) CCW NCGS 14-269 12/1/2015 15 CRS 243370 Poss. Stolen Firearm NCGS 14-71.1 12/1/2015 15 CRS 243371 (F) B/E NCGS 14-54 12/1/2015 15 CRS 243373 Larceny after B/E NCGS 14-72 12/1/2015 15 CRS 245211 (F) Poss. Stolen Goods NCGS 14-71.1 12/1/2015 15 CRS 245212 (F) Poss. Stolen Goods NCGS 14-71.1 12/1/2015 15 CRS 245227 (F) Poss. Stolen Goods NCGS 14-71.1 15 CRS 245231 Consp. to Commit B/E Common Law 11/17/2015 15 CRS 245232 Larceny after B/E NCGS 14-72 11/28/2015 15 CRS 245233 (F) B/E NCGS 14-54 11/28/2015 (F) Poss. Stolen Goods NCGS 14-71.1 11/28/2015 15 CRS 245234 Larceny after B/E NCGS 14-72 11/28/2015 15 CRS 245235 (F) B/E NCGS 14-54 11/28/2015 (F) Poss. Stolen Goods NCGS 14-71.1 11/28/2015 15 CRS 245236 Consp. to Commit B/E Common Law 11/28/2015 
The State opposed defendant's motion and moved to join for trial the charges of felonious breaking and entering (15 CRS 243371) and felonious larceny after breaking and entering (15 CRS 243373). A pretrial hearing on the joinder motions was conducted on 5 September 2017 in Mecklenburg County Superior Court before the Honorable Casey M. Viser, Judge presiding. Judge Viser denied defendant's motion for joinder.
Following the court's ruling, defendant was tried before a jury on the charges of felonious breaking and entering and larceny after breaking and entering and found guilty of both offenses. The trial court entered a consolidated judgment and sentenced defendant to an active term of 7 to 18 months. Defendant appeals.
_________________________
On appeal, defendant argues that the trial court erred by denying his motion to consolidate joinable offenses for a single trial. Defendant contends that the trial court erroneously failed to make a determination as to whether justice would be served by granting the motion. Defendant contends that he is entitled to a reversal of his convictions and a new trial joining all of the requested charges. We disagree.
Defendant points to our General Statutes, section 15A-926, as setting forth the standard for joinder when requested by a defendant.
Pursuant to General Statutes, section 15A-926,
(a) Joinder of Offenses.-Two or more offenses may be joined in one pleading or for trial when the offenses, whether felonies or misdemeanors or both, are based on the same act or transaction or on a series of acts or transactions connected together or constituting parts of a single scheme or plan. Each offense must be stated in a separate count as required by G.S. 15A-924.
....
(c) Failure to Join Related Offenses.
(1) When a defendant has been charged with two or more offenses joinable under subsection (a) his timely motion to join them for trial must be granted unless the court determines that because the prosecutor does not have sufficient evidence to warrant trying some of the offenses at that time or if, for some other reason, the ends of justice would be defeated if the motion were granted. A defendant's failure to make this motion constitutes a waiver of any right of joinder of offenses joinable under subsection (a) with which the defendant knew he was charged.
N.C. Gen. Stat. § 15A-926(a), (c)(1) (2017) (emphasis added).
The time for filing a motion for joinder pursuant to General Statutes, section 15A-926(c) is governed by section 15A-952. See N.C. Gen. Stat. § 15A-952(b)(6) e. (2017) ("[W]hen the following motions are made in superior court they must be made within the time limitations stated in subsection (c)[:] ... (6) ... e. Motions for joinder of related offenses under G.S. 15A-926(c)."). Pursuant to section 15A-952,
[i]f a written request for arraignment is not filed, then any motion listed in subsection (b) ... [, including "[m]otions for joinder of related offenses under G.S. 15A-926(c),"] must be filed not later than 21 days from the date of the return of the bill of indictment as a true bill.
Id. § 15A-952(c).
Defendant did not file a written request for arraignment. Thus, to be timely, his motion for joinder must have been filed "not later than 21 days from the date of the return of the bill of indictment as a true bill." Id. Defendant's superseding bills of indictment were filed 20 February 2017. Defendant's motion for joinder was filed months later on 5 September 2017, more than 21 days after the return of his bills of indictment. Thus, defendant's motion for joinder was not timely within the meaning of General Statutes, section 15A-952(c), and therefore, the trial court was not required to grant the motion pursuant to the directives of section 15A-926(c)(1) ("When a defendant has been charged with two or more offenses joinable ... his timely motion to join them for trial must be granted ....").
We now review whether the trial court abused its discretion in denying joinder under section 15A-926(a). As defendant points out in his brief, the trial court considered the motion despite the fact that it was untimely filed. "When joinder is permissible under the statute, whether to allow joinder is a determination within the discretion of the trial judge, whose ruling will not be disturbed on appeal unless it is demonstrated that joinder deprived the defendant of a fair trial." State v. Guarascio , 205 N.C. App. 548, 553, 696 S.E.2d 704, 709 (2010) (citation omitted); see also State v. Triplett , 368 N.C. 172, 178, 775 S.E.2d 805, 809 (2015) ("An abuse of discretion results when the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision. In our review, we consider not whether we might disagree with the trial court, but whether the trial court's actions are fairly supported by the record." (citation omitted) ).
During the pretrial hearing, the State informed the court that the case was set high on the trial calendar, that both sides were prepared to proceed, and that the State expected the trial to be completed within two days.
If we were going to join all of these cases, this would require numerous officers and numerous people who are not employed within the realm of CMPD who were victims in these cases, and it would take an extended period of time to try all of them.
....
[A]s I've mentioned before, I won't belabor the point. But those [other charged offenses] came from different break-ins on different days, not the December 1st break-in, which is closely joined in time and proximity to the stop.
After consideration of the arguments by both parties, the court stated that "I'm not going to tell [the State] how to run your docket or your cases. It does seem to me that it would be more efficient to do it the way [defendant] is suggesting, but I'm not going to require you to do that. I'll deny the motion for joinder."
[While] [p]ublic policy strongly favors joinder because it expedites the administration of justice, reduces the congestion of trial dockets, conserves judicial time, lessens the burden on citizens who must sacrifice both time and money to serve on juries, and avoids the necessity of recalling witnesses who would otherwise be called upon to testify only once[,] [w]hen joinder is permissible under the statute, whether to allow joinder is a determination within the discretion of the trial judge, whose ruling will not be disturbed on appeal unless it is demonstrated that joinder deprived the defendant of a fair trial.
Guarascio , 205 N.C. App. at 553, 696 S.E.2d at 709 (citations omitted). Upon review of the record, we cannot say that the trial court's ruling was manifestly unsupported by reason or so arbitrary that it could not have been the result of a reasoned decision. See id. Moreover, the denial of the motion for joinder did not deprive defendant of a fair trial. See id. Therefore, we hold that the trial court's ruling to deny defendant's motion for joinder was fairly supported by the record, and thus, the trial court did not abuse its discretion in denying the motion. Accordingly, we overrule defendant's argument.
AFFIRMED.
Report per Rule 30(e).
Judges HUNTER, JR., and ARROWOOD concur.